UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CONNIE LOUGHRAN,<br><br>          Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>          Defendant. | CASE NO.   C06-5607FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for May 18, 2007 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).  This matter has been fully briefed.  In response to Plaintiff's Opening Brief, Defendant concedes that the ALJ erred in his decision, necessitating remand for further administrative review.   Plaintiff argues the errors made should persuade the court to remand the matter, not for further review, but for an award or appropriate benefits, or alternatively, to remand for consideration by a different ALJ.  Accordingly, the only issue before the court is the appropriate remedy.  After reviewing the record, the undersigned recommends that the Court remand the matter for further proceedings with another ALJ assigned to the matter.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

Plaintiff, Connie Loughran ("Ms. Loughran"), has alleged disability since October 2001 due to Borderline Intellectual Functioning, Panic Disorder with Agoraphobia, Scoliosis and back pain radiating down her right leg. (Tr. 17, 62, 72). Ms. Loughran filed an application for SSI benefits on March 12, 2003 (Tr. 62-65), which was denied at the Initial and Reconsideration levels of review. On October 15, 2003 she requested a hearing. (Tr. 34). It was held on August 12, 2005. (Tr. 347-387). On February 24,

REPORT AND RECOMMENDATION
Page - 1

2006, Administrative Law Judge Joyner (ALJ) issued an unfavorable decision. (Tr. 14-24). The ALJ determined that Ms. Loughran's impairments limit her, but that she could work as an assembler and solderer and therefore is not disabled. (Tr. 23-24).

The Appeals Council denied Ms. Loughran's request for review on September 21, 2006, leaving the ALJ's decision as the final decision of the Commissioner. (Tr. 6-8). The instant action was initiated by Ms. Loughran on October 23, 2006. In her Opening Brief Ms. Loughran argued ALJ Joyner failed to appropriately consider the matter. Plaintiff specifically contends the ALJ made the following errors:

(i) whether the jobs identified by the VE in response to the ALJ's hypothetical question for "sedentary" jobs requiring only "simple" tasks were consistent with the description in the Dictionary of Occupational Titles;

(ii) whether Ms. Loughran's Panic Disorder is a severe impairment at Step 2 of the sequential evaluation;

(iii) whether the ALJ should have conferred with a medical expert about whether Ms. Loughran medically equals the severity criteria of Listing 12.05(C);

(iv) whether the ALJ properly excluded the opinion of Dr. Wingate, an examining specialist, regarding the specific limitations caused by Ms. Loughran's mental impairments;

(v) whether the ALJ properly excluded Dr. Quint's opinion of limitations in reaching and handling;

(vi) whether the ALJ properly found Ms. Loughran's not credible;

(vii) whether the ALJ properly dismissed lay evidence from Ms. Hardesty; and

(viii) whether the record is complete or further development is needed.

In response Defendant concedes (A) the ALJ failed to properly consider the opinions of Dr. Wingate and Dr. Mayers; (B) the ALJ must make a new Step-two determination regarding Ms. Loughran's panic disorder; (C) the ALJ must make a new residual functional capacity assessment; and (D) the ALJ must further resolve any inconsistencies between the light level, detailed jobs identified by the VE and the residual functional capacity for sedentary, simple repetitive work.

## DISCUSSION

The decision whether to remand a case for further proceedings or simply to award benefits is within

the discretion of the court.  Harman v. Apfel, 211 F.3d 1172, 1176-1178 (9th Cir. 2000).  An award of benefits is appropriate when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed and there is not sufficient evidence to support the ALJ's conclusion.  Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989). Remand is appropriate where additional administrative proceedings could remedy defects. Id.; Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985) (*citing* Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984)). Where remand would only delay the receipt of benefits, judgment for the claimant is appropriate.  Rodriguez, 876 F.2d at 763.

After reviewing the arguments presented, the court finds the matter should be remanded for further proceedings.   There are several unresolved issues for the administration to consider as noted by Defendant's concession of errors, and the need to provide the administration the opportunity to cure those defects.  However, on remand, a newly assigned ALJ should not limit his or her review of the issues conceded.  A new ALJ should review the matter in its entirety, including, but not limited to, the following:

- whether Ms. Loughran's mental retardation equals the severity criteria of Listing 12.05(c)2;
- the ALJ's credibility analysis;
- the ALJ's failure to consider the lay observations of Ms. Hardesty; and
- the ALJ's failure to include handling limitations in his RFC.

## CONCLUSION

Based on the foregoing, the undersigned recommends that the Court REMAND the matter to the administration with the direction that the Commissioner assign a new ALJ.   On remand the new ALJ shall review the record as described in this report.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 18, 2007**, as noted in the caption.

DATED this 27th day of April, 2007.

                                                /s/ J. Kelley Arnold
                                                J. Kelley Arnold
                                                U.S. Magistrate Judge